J-A20010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROBERT D. KLINE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH S. NOVICK | : | No. 1076 MDA 2022 |

Appeal from the Order Entered July 1, 2022
In the Court of Common Pleas of Mifflin County
Civil Division at No(s):  2022-00027

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JANUARY 3, 2024**

Robert D. Kline appeals from the order granting Joseph S. Novick's motion to dismiss, and dismissing the case without prejudice. We affirm.

Kline, an adult individual who lives in McClure, Pennsylvania, is a serial litigant who has brought over four hundred lawsuits in Mifflin and Snyder Counties, including numerous suits for alleged Telephone Consumer Protection Act ("TCPA") violations. Typically, the TCPA suits are based upon allegations of telemarketing phone calls from out-of-state defendants using automatic telephone dialing systems ("ATDS").

On January 24, 2022, Kline filed a *pro se* complaint against Novick, who is a telemarketing insurance agent with an office in Lake Worth Beach, Florida.

---

[*] Former Justice specially assigned to the Superior Court.

In the complaint, Kline averred that on November 29, 2021, he received a call from a foreign sounding man who asked Kline insurance-related questions. The man then transferred Kline to a person licensed in Pennsylvania, Novick, who asked him further questions. Kline alleged violations of the TCPA and related regulations, violations of telemarketing laws, trespass to chattels, and invasion of privacy. In essence, Kline argued that Novick engaged in illegal telemarketing to provide insurance quotes for products and services through live, automated, or robocalls on Kline's phone. Kline sought damages of $3,000 and costs from Novick. Relevantly, Kline filed a similar lawsuit in *Robert Kline v. Stanley Loiselle*, CP-44-CV-860-2022.

Novick and Loiselle retained the same attorney, who filed motions to dismiss pursuant to Pa.R.C.P. 233.1 in both cases. Specific to this case, Novick noted that he was one of many individuals targeted by Kline, highlighting that Kline had filed at least 194 *pro se* cases in Mifflin County since 2017 and 188 *pro se* cases in Snyder County since 2001. These numbers include seven separate TCPA actions in Mifflin County filed between January 4, 2022, and February 8, 2022. Novick emphasized that a similar federal district court case from 2020, which involved Kline and different Florida defendants, was dismissed for lack of jurisdiction in Pennsylvania. *See Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-CV-00437, 2020 U.S. Dist. LEXIS 110453 (M.D. Pa. 2020). Novick argued that there was no jurisdiction over him in Pennsylvania, noting that the facts of *Advanced Ins. Underwriters, LLP*

and the instant case are essentially the same. According to Novick, there were no non-conclusory allegations in Kline's complaint that Novick initiated any calls to Kline, and Kline is merely engaged in repetitive litigation.

The trial court stayed the cases pending resolution of the motion to dismiss. In response to the motion to dismiss, Kline filed a praecipe to discontinue the case without prejudice, stating that he intended to refile the action in Florida. The trial court then scheduled a hearing on the motions to dismiss in both the instant case and the *Loiselle* case and the praecipe to discontinue. Following the hearing, the trial court dismissed this case without prejudice for lack of jurisdiction. The trial court did not rule on the praecipe to discontinue. Thereafter, Kline filed a motion to vacate; however, before the trial court could rule on the motion, Kline filed a counseled notice of appeal.

On appeal, Kline raises the following questions for our review:

1. Should the Trial Court have dismissed Novick's Motion to Dismiss under Pa.R.C.P. 233.1, for lack of pleading sufficient elements to grant relief?

2. Did the Trial Court deny [Kline] due process by *sua sponte* dismissing [Kline's] Complaint for lack of jurisdiction, without affording an opportunity to be heard?

3. Did the Trial Court err by dismissing [Kline's] Complaint for lack of jurisdiction?

Appellant's Brief at 4 (issues renumbered).

On appeal of an order granting a motion to dismiss pursuant to Rule 233.1, "our standard of review is *de novo*, and our scope of review is plenary." *Gray v. Buonopane*, 53 A.3d 829, 834 (Pa. Super. 2012) (citation omitted).

We will address Kline's arguments together. Initially, Kline contends that the trial court should have denied Novick's motion to dismiss pursuant to Pa.R.C.P. 233.1. *See* Appellant's Brief at 20. Kline argues that Novick failed to allege Novick was the same or related to any other defendant against whom Kline had filed a lawsuit or any settlement agreement or court proceeding in which the claims were resolved. *See id.* at 20-21. Kline claims that although the trial court found precedential value in the federal district court case, it did not dismiss the case on Rule 233.1, but instead on lack of jurisdiction. *See id.* at 21-22. According to Kline, the trial court could not address jurisdiction in the motion to dismiss but should have waited until preliminary objections had been filed. *See id.* at 11-12. Kline takes issue with the trial court indicating during the hearing that it was not "talking about venue or jurisdiction requirements," but then deciding to dismiss the case for lack of jurisdiction. *Id.* at 22 (quoting N.T., 4/6/22, at 3).

Kline further argues that the trial court had personal jurisdiction over Novick. *See* Appellant's Brief at 13, 19. Kline maintains that Novick directed contacts to Pennsylvania, as he and/or his agents, employees, and representatives engaged in telemarketing using ATDS to his number despite being on Do-Not-Call lists. *See id.* at 13-15. Kline alleges that Novick is registered as an agent in Pennsylvania to sell insurance, which established Novick's minimum contacts with Pennsylvania, and an expectation that he may be haled into court in Pennsylvania. *See id.* at 15-17, 19.

- 4 -

Rule 233.1 states, in relevant part:

(a)     Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1(a).

"Rule 233.1 does not require the highly technical prerequisites of *res judicata* or collateral estoppel to allow the trial court to conclude that a *pro se* litigant's claims are adequately related to those addressed in prior litigation." **Gray**, 53 A.3d at 838. "Nor does it require an identity of parties or the capacities in which they sued or were sued." **Id.** "Rather, it requires a rational relationship evident in the claims made and in the defendant's relationships with one another to inform the trial court's conclusion that the bar the Rule announces is justly applied." **Id.**

Further, "[i]n the Rule's requirement that the matter have been 'resolved pursuant to a written settlement agreement or a court proceeding,' the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding." **Id.** at 836. However, it does not require that the matter has progressed to a final judgment on the merits, nor does it require the defendant to identify "the

quality or capacity in the persons for or against whom the claim is made[.]" *Id.* (citations and quotation marks omitted).

As noted, the theory of relief in Kline's complaint is based upon the TCPA. The TCPA "was intended to combat, among other things, the proliferation of automated telemarketing calls (known as 'robocalls') to private residences, which Congress viewed as a nuisance and an invasion of privacy." *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 322 (3d Cir. 2015) (citation omitted). The TCPA prohibits initiating a robocall to a cell phone unless the call is made for "emergency purposes," the recipient has given their prior express consent, or the call falls within an exemption created by the Federal Communications Commission ("FCC"). *See* 47 U.S.C.A. § 227(b)(1). The TCPA provides a private cause of action against violators of its provisions. *See id.* § 227(b)(3). Plaintiffs are permitted to recover actual damages or $500 per violation, whichever is greater; moreover, damages are trebled for willful or knowing violations. *See id.* Pursuant to TCPA authority, the FCC has promulgated regulations concerning the national do-not-call registry and internal do-not-call lists maintained by telemarketers. *See* 47 C.F.R. § 64.1200(c)(2) (noting that it is unlawful to "initiate any telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry ...."); *see also* 47 U.S.C.A. § 227(c).

In his complaint, Kline averred that Novick is a telemarketing insurance agent with offices in Lake Worth Beach, Florida. *See* Complaint, 1/24/22, at 1-2 (unnumbered). Kline alleged that Novick and/or his agents, subcontractors, or employees utilized an ATDS to conduct illegal telemarketing to people on the Do Not Call registry in violation of the TCPA. *See id.* at 1-3, 6 (unnumbered); *see also id.* at 3 (unnumbered) (noting that he did not give Novick written permission to call his phone). Kline maintained that he received an ATDS phone call from a foreign sounding male, identified as "Daniel," who indicated he would transfer the call to an agent licensed in Pennsylvania, who turned out to be Novick. *See id.* at 6 (unnumbered). However, Kline acknowledges that Novick was not registered as a telemarketer in Pennsylvania. *See id.* at 5 (unnumbered). Kline alleged various violations of the TCPA and related regulations, as well as, trespass to chattels, violation of the Pennsylvania Telemarketer Registration Act, and invasion of privacy. *See id.* at 5-11 (unnumbered).

In Novick's motion to dismiss under Rule 233.1, he cites to *Advanced Ins. Underwriters*, noting that Kline filed essentially the same complaint in that case as the facts and claims alleged herein. In *Advanced Ins. Underwriters*, Kline asserted claims against Florida-based defendants for violations of TCPA, arguing that he received several calls from an automatic telephone dialing system (ATDS). *See Advanced Ins. Underwriters*, No. 1:19-CV-00437, 2020 U.S. Dist. LEXIS 110453, at **2-5. Kline maintained he

received a call from "Erica" who transferred the call to a named defendant who attempted to sell him health insurance. *See id.* at *3. Kline alleged numerous causes of action, including TCPA violations and trespass to chattels claim. *See id.* at *5.

The named defendants moved to dismiss the complaint for lack of personal jurisdiction. *See id.* at *6. Specifically, the defendants claimed the principal place of business of Advanced Insurance was Florida, no business was conducted in Pennsylvania, neither defendant directed phone calls into Pennsylvania for the purpose of soliciting insurance business, and no one directed anyone to make a sales call to Kline. *See id.* at *11. Ultimately, the federal district court found Kline did not have general jurisdiction over the defendants because Kline failed to specify the number of calls he received from the defendants to his mobile phone number or indicate that the calls were of a continuous and systematic nature to exercise general jurisdiction over the defendants. *See id.* at **14-15. Likewise, the court found that Kline did not establish specific jurisdiction over the defendants, noting he failed to show defendants directly initiated the call to him in violation of the TCPA, and Kline failed to provide any proof that defendants purposefully directed contact at Kline in response to their motion to dismiss. *See id.* at **15-16.

Here, Kline has repeatedly brought lawsuits against various defendants raising claims of TCPA violations. *See* Motion to Dismiss, 2/14/22, at 3-4 (pointing out that Kline has filed seven additional cases between January 4,

2022, and February 8, 2022, against various defendants alleging TCPA violations). There is no need for extended litigation in Pennsylvania in this particular case where Kline's jurisdictional claims have already been addressed in a substantive manner and resolved in the federal court proceeding. The record reflects that there is a rational relationship between the instant case and Kline's case in **Advanced Ins. Underwriters**, as the defendants are similar and the causes of actions in each case are largely the same. The fact that Novick was not a party to the previous federal litigation is not required under Rule 233.1, as the rule does not require highly technical prerequisites for a trial court to conclude that a *pro se* litigant's claims are adequately related to those addressed in prior litigation. **See Gray**, 53 A.3d at 838.

Both cases involve claims that the defendants violated the TCPA by making phone calls from outside Pennsylvania to Kline in Pennsylvania. Like the defendants in **Advanced Ins. Underwriters**, who resided and had the principal place of business in Florida, Novick resides in Florida. In each action, Kline raised various TCPA claims and related regulations and state law claims.

Moreover, the district court resolved Kline's claim by finding a lack of general and specific jurisdiction due to the paucity of his complaint. **See Advanced Ins. Underwriters**, No. 1:19-CV-00437, 2020 U.S. Dist. LEXIS 110453, at **14-16. As in **Advanced Ins. Underwriters**, when viewing the evidence of record in a light most favorable to Kline, he did not establish general jurisdiction over Novick. **See** 42 Pa.C.S.A. § 5301(a)(1); **see also**

*Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012) (noting that "when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party." (citation omitted)). Although Kline provides a conclusory allegation in his complaint that the initial caller was transferring Kline to a licensed agent, Kline does not identify Novick as licensed in Pennsylvania in the complaint[1] or establish general jurisdiction over Novick due to the alleged licensure. Additionally, like *Advanced Ins. Underwriters*, Kline did not establish specific jurisdiction over Novick, as he only alleges he received a single phone call and admits that Novick did not initiate the call. *See Mey v. All Access Telecom, Inc.*, 2021 U.S. Dist. LEXIS 80018, at *8 (N.D. W.Va. 2021) (collecting cases and stating that "[i]n TCPA cases, courts generally find that specific jurisdiction exists when a defendant makes a call or sends a message into the forum state by targeting a telephone number within the particular forum."). Most importantly, Kline seemingly admitted to the lack of jurisdiction over Novick in Pennsylvania when he filed a praecipe to dismiss

---

[1] On appeal, Kline argues that Novick was licensed in Pennsylvania. Although he did not explicitly raise this allegation in his complaint, he raised it in a motion to vacate, with an attached exhibit, after the trial court dismissed the complaint without prejudice. Notably, "we do not allow new evidence to be presented in a motion for reconsideration" *Ford-Bey v. Pro. Anesthesia Servs. of N. Am., LLC*, 229 A.3d 984, 990 (Pa. Super. 2020). Moreover, and in any event, Kline filed his notice of appeal before the trial court could address the motion to vacate.

this case to file the action in Florida.[2] **See** Trial Court Opinion, 9/27/22, at 6 (noting that "it is perplexed why [Kline] on February 25, 2022, would file to discontinue this action for the purpose of re-filing this action in Florida where [Novick] resides prior to th[e trial court's] dismissal *without prejudice*, if [Kline] also did not share concerns about improper jurisdiction." (emphasis in original)).

Therefore, based upon the similarity of the instant case to **Advanced Ins. Underwriters**, and Kline's apparent recognition of the jurisdiction issue in his praecipe to dismiss to refile the action in Florida, we conclude that the trial court properly dismissed the case without prejudice.[3]

Order affirmed.

_____

[2] We note that Kline contends that he was not afforded the opportunity to establish jurisdiction over Novick in Pennsylvania. **See** Appellant's Brief at 9-12. Here, following the filing of Kline's complaint, Novick filed a motion to dismiss pursuant to Rule 233.1, arguing that **Advanced Ins. Underwriters** had found Kline had no jurisdiction to raise his claims against that defendant. Kline had an opportunity to respond to this allegation. Moreover, as noted above, Kline filed a praecipe to dismiss and refile the action in Florida in response to the motion to dismiss.

[3] Although the trial court dismissed the case, it reviewed the jurisdictional issue because that court had not previously addressed the jurisdictional issue. **See** Trial Court Opinion, 9/27/22, at 4 n.2. However, this Court has found a federal action can be the basis of dismissal of a state action under Rule 233.1. **See, e.g., Coulter v. Lindsay**, 159 A.3d 947, 952 (Pa. Super. 2017) (*per curiam*). Nevertheless, we note that this Court can affirm on any valid basis. **See Louis Dreyfus Commodities Suisse SA v. Fin. Software Sys., Inc.**, 99 A.3d 79, 82 (Pa. Super. 2014) (stating that "we may affirm the decision of the trial court on any valid basis appearing of record.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>01/03/2024</u>