2017 PA Super 122

| | |
|---|---|
| BOLLARD & ASSOCIATES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| H&R INDUSTRIES, INC. AND HARRY SCHMIDT AND WELLS FARGO BANK, N.A. | |
| | No. 1601 EDA 2016 |

Appeal from the Order May 23, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): No. 2016-01222

BEFORE:  OTT, J., RANSOM, J., and FITZGERALD, J.[*]

OPINION BY RANSOM, J.:                    **FILED APRIL 24, 2017**

Appellant, Bollard & Associates, Inc., appeals from the May 23, 2016, order determining that $188,536.31 in a Wells Fargo Bank account was exempt from garnishment.  We reverse and remand for further proceedings in accordance with this opinion.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  **See** Trial Court Opinion, 8/2/16, at 1-5.  In February 2016 judgment was entered in favor of Appellant and against H&R Industries, Inc. and Harry Schmidt ("Appellee") in the amount of $405,984.07 plus interest at 6% per annum.  Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

commenced execution on the judgment and served interrogatories in aid of execution against Appellee and Wells Fargo Bank, N.A. ("Wells Fargo"), as garnishee. In response, Wells Fargo filed an answer and new matter, averring that Gary Schmidt, Appellee's son ("Mr. Schmidt"), held a joint bank account with Appellee. Accordingly, Wells Fargo could not release the attached assets without appropriate order of the court.

Mr. Schmidt and Appellee filed a claim for exemption, seeking a statutory exemption of $300.00 and for social security payments totaling $2,103.00. Mr. Schmidt also sought an exception for other money held in a joint bank account with Appellee, namely, proceeds from the sale of a home. Prior to the hearing on the claim, the parties agreed that Appellee and Mr. Schmidt were entitled to a $300.00 statutory exception and the first $10,000.00 of a direct deposit of social security benefits.

In May 2016, the trial court held an evidentiary hearing. Mr. Schmidt testified that prior to 2013, he resided at 2032 Arch Street in Philadelphia, Pennsylvania. The residence was titled jointly in Mr. Schmidt's and Appellees' names, but Mr. Schmidt averred that the home was his and titled jointly solely for estate planning purposes. Mr. Schmidt paid taxes, insurance, and utility bills for the property. In 2013, Mr. Schmidt moved in with Appellee to a different location.

In May 2015, Mr. Schmidt sold the Arch Street home for net proceeds of $385,073.36; he placed the proceeds into a joint bank account held with Appellee at Wells Fargo. Mr. Schmidt made withdrawals totaling

- 2 -

$196,537.15 from the account over the course of approximately ten months. Mr. Schmidt also acknowledged that he and Appellee each received an IRS form 1099 for the proceeds of the sale, reflecting a 50% share of the gross proceeds. However, the 1099 form for Mr. Schmidt was not entered into evidence at the conclusion of the hearing.

Following the hearing, the trial court entered an order finding that $188,536.31 held in the joint Wells Fargo Account was exempt from judgment. This amount represented the balance remaining from the net proceeds of the sale of the property.

Appellant filed a motion for reconsideration, arguing that 1099 forms provided by Appellee and signed by Mr. Schmidt were evidence that the property was jointly owned, as Mr. Schmidt and Appellee each received a 50% share of the gross proceeds. *See* Motion for Reconsideration, 5/23/16, Exhibit C. Appellant also argued that Mr. Schmidt had acknowledged in writing that the proceeds were intended to be distributed jointly. The court denied the motion.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

Herein, Appellant raises two questions for our review:

> A. Did the trial court improperly deny [Appellant's] [motion] to reconsider based on the prior representation that Gary Schmidt was seeking an exemption of one-half of the garnished funds?

    B. Was the trial court finding of exemption contrary to and against the weight and sufficiency of the evidence?

Appellant's Brief at 4 (unnecessary capitalization and punctuation omitted).

Appellant first argues that the trial court improperly denied its motion for reconsideration. ***See*** Appellant's Brief at 13. Appellant contends that a 1099 form provided by Appellee's counsel established that Mr. Schmidt was only entitled to half of the proceeds of the sale, and that Appellee was entitled to the other half. ***Id.*** Moreover, according to Appellant, Appellee acknowledged in a handwritten addition to the 1099 form that Mr. Schmidt intended to claim only half of the proceeds. ***See*** Motion for Reconsideration, 5/23/16, Exhibit C. Importantly, the alleged acknowledgement was never entered into evidence.

An order denying reconsideration is unreviewable on appeal. ***See Huntington Nat. Bank v. K–Cor, Inc.,*** 107 A.3d 783, 787 (Pa. Super. 2014) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal."); ***see also Rabatin v. Allied Glove Corp.***, 24 A.3d 388, 391 (Pa. Super. 2011) (noting that issues not raised before the trial court are not preserved for appeal, and issues raised in motions for reconsideration are beyond the jurisdiction of this Court). Further, a trial court may also properly refuse to consider new evidence presented for the first time in a motion for reconsideration. ***See Kelly v. Siuma***, 34 A.3d 86, 94 n.8 (Pa. Super. 2011). Accordingly, Appellant is not entitled to relief on this issue.

Next, Appellant argues that the trial court's finding of exemption was contrary to and against the weight and sufficiency of the evidence. **See** Appellant's Brief at 20. According to Appellant, undisputed evidence established that Appellee was entitled to one-half of the proceeds of the Arch Street property sale. **Id.**

Mr. Schmidt filed a claim for exemption from attachment pursuant to Pa.R.C.P. 3123.1(a), which provides that a defendant may claim exemption or immunity of property from attachment by filing with the sheriff a claim substantially in the form provided by the rules of civil procedure. Both parties agreed, and the trial court accepted, that the instant matter concerns ownership of proceeds from the sale of property held in a joint bank account, which is governed by Chapter 63 of the Probate, Estates, and Fiduciaries Code and, specifically, the Multiple-Party Accounts Act. **See** Trial Court Opinion (TCO) at 7; **see also** 20 Pa.C.S. §§ 6101-6103.

The Act provides that joint accounts belong, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sum on deposit, unless there is clear and convincing evidence of a different intent. **See** 20 Pa.C.S. § 6303(a). A person depositing funds into a multiple-party account does not normally intend to make a gift of any part of the funds. **See Deutsch, Larrimore & Farnish, P.C. v. Johnson**, 848 A.2d 137, 143 (Pa. 2004) (plurality) (citing Official Comment to 20 Pa.C.S. § 6303). In determining the ownership interests of funds deposited in a joint account, courts should consider evidence provided by the parties and that

individual ownership of certain funds may be attributable to the account holders' respective deposits and withdrawals. ***Id.*** With regard to the standard of review, "clear and convincing evidence" is the highest burden in our civil law and requires that the fact-finder be able to "come to clear conviction, without hesitancy, of the truth of the precise fact in issue." ***Lessner v. Rubinson***, 592 A.2d 678, 681 (Pa. 1991). Appellate courts are bound by the trial court's findings of facts, unless not based on competent evidence, and by the trial court's assessment of credibility. ***See Thatcher's Drug Store of W. Goshen, Inc. v. Consol. Supermarkets, Inc.***, 636 A.2d 156, 160 (Pa. 1994).

Here, the trial court made an express finding that Mr. Schmidt was credible in his assertions that he purchased the Arch Street property alone and only jointly titled the property for estate planning purposes. TCO at 8. The court relied upon further evidence that Mr. Schmidt resided alone in the property and paid all bills and expenses related to the property as proof that the property was solely his. ***Id.***

However, the trial court ignored other undisputed evidence provided which established that the proceeds from the sale of the house were shared. For example, Mr. Schmidt admitted that the property was jointly titled and that the check was made payable to both Mr. Schmidt and Appellee. ***See*** Notes of Testimony, 5/23/16, at 24-25. Further, at the evidentiary hearing on the exemption, Mr. Schmidt was questioned regarding the tax forms as follows:

Q: Well, when you sold the property, you sold the property and a check was made payable to both you and your father, correct?

A: Correct.

Q: And do you recall providing your counsel with a copy of your 1099 from the sale of the property for $203,000 at the last hearing?

A: There was a tax paper – I can't – they split it between both of us, and I believe it was 207, 210? It was definitely not 203.

Q: 207. The sale price was 415.[1]  So it would have been $207,000?

A: Right, for the taxes, right, split between the two for tax purposes.

*See* N.T. at 25-26.[2]  The questioning then moved on to withdrawals that Mr. Schmidt had made from the account.

Although the court found credible Mr. Schmidt's assertion that the titling was for estate purposes, this testimony was not supported by any other evidence in the record and flies in the face of the evidence actually introduced at the hearing.  In our view, balanced against the undisputed evidence that proceeds from the sale of the house were to be shared equally, Mr. Schmidt's self-serving testimony did not establish by clear and convincing evidence a different intent. 20 Pa.C.S. § 6303.

_____

[1] As noted above, the net proceeds of the sale were $385,073.36.
[2] The 1099 was never entered into evidence, as discussed *supra*.  However, this questioning establishes the split for tax purposes.

Accordingly, the trial court abused its discretion in finding that $188,536.31 was exempt from garnishment, as the testimony provided did not prove by clear and convincing evidence that the money was solely Mr. Schmidt's property. ***See Thatcher's Drug Store of W. Goshen, Inc.***, 636 A.2d at 160; ***Kelly***, 34 A.3d at 94 n.8; ***cf. Deutsch***, 848 A.2d at 144.

Order vacated; case remanded for proceedings consistent with this opinion; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017