IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Fullman,                          :
                    Appellant           :
                                        :
        v.                              : No. 975 C.D. 2018
                                        : Submitted: February 1, 2019
Bureau of Administrative Adjudication   :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT  REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: April 30, 2019

        Andrew Fullman, *pro se*, appeals an order of the Court of Common
Pleas of Philadelphia County (trial court) holding him liable for a parking citation.
In doing so the trial court affirmed a decision of the Bureau of Administrative
Adjudication (Bureau), a division of the City of Philadelphia (City).  We affirm the
trial court.

        On March 18, 2017, Fullman was cited by the Philadelphia Parking
Authority for parking "over time limit" in violation of "129033," *i.e*., Section 903(3)
of the Philadelphia Traffic Code (Traffic Code).[1]  Certified Record (C.R.), Item 7,
at 1.  The citation noted "2 HR PARKING/NO HP."  *Id.*  The citation assessed a fine
of $26.00.

        Fullman contested the citation, and an administrative hearing was held
on May 11, 2017.  Fullman argued that because he had a handicap parking placard,
he was allowed an extra hour of parking time.  He did not hang the placard from the

_____

[1] THE PHILADELPHIA CODE, Title 12, *as amended*, added by ordinance effective May 6, 1958.

rearview mirror of his rental vehicle because of the wires and obstructions on the rearview mirror. The hearing examiner upheld the citation.

Fullman appealed to the Bureau, stating, as follows:

> The decision of the hearing examiner should be reversed according to the Philadelphia Traffic Code. The hearing examiner appeared to be satisfied that the ticket was already paid and asked me why I was there. The ticket is not valid. The rental car had wires or something preventing my handicap placard from staying on the rearview mirror which was no fault of mine. My placard kept falling onto the dashboard and floor. However, it was very visible. Accordingly the ticket should be reversed. I have tried to get a reserved handicap parking space in front of my apartment due to my disabilities.

C.R., Item 7, at 4. At the Bureau hearing, Fullman again argued that the placard "wouldn't stay up" on the rearview mirror; each time he went to the car the placard "was on the floor." Hearing Transcript, ¶¶22, 28; C.R., Item 7, at 9. Fullman stated that he has been placing the placard on the dashboard "ever since [he] had that car." Hearing Transcript, ¶22; C.R., Item 7, at 9.

The Bureau upheld the hearing examiner's decision. It acknowledged that when a vehicle bears a handicapped parking placard, the driver may park for a period of sixty minutes in excess of the maximum time limit. However, Section 1338(b) of the Vehicle Code requires the disability parking placard to be displayed "in such a manner that it may be viewed from the front and rear of the vehicle by hanging it from the front windshield rearview mirror[.]" 75 Pa. C.S. §1338(b). Fullman did not do so, and the fact that he was "able to later present valid disabled parking credentials that could have been displayed is [] not a basis for dismissal." Bureau Adjudication (08/21/2017), at 1.

2

Fullman appealed to the trial court. He argued that the Bureau used the citation to "harass a person who has a legal disability parking placard." C.R., Item 8, at 1. He asserted that he was not liable because his placard "was old, worn and unable to properly hang from the rear view mirror of his rental car[;]" and he "was forced into a position" where he could not comply with the Traffic Code. C.R., Item 8, at 2. Fullman further alleged that two Parking Authority employees told him that as long as he displayed his disability parking placard on the dashboard, he would not get a citation.

The trial court heard oral argument on June 6, 2018. By order issued on the same day, the trial court denied the appeal. Fullman filed a motion for reconsideration. In support, Fullman submitted a sworn statement of his driver, Jacob A. Witcher, along with a photograph of the rental vehicle showing the placard hanging from the rearview mirror on the day that Fullman received the citation. C.R., Item 11, Exhibit B. The trial court denied the motion for reconsideration.

Fullman appealed to this Court. The trial court issued an order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing Fullman to file a statement of errors complained of on appeal. PA. R.A.P. 1925(b). Fullman filed the statement on July 31, 2018, and asserted that the trial court violated his right to due process and abused its discretion in upholding the citation. He further asserted that his right to equal protection was violated. The trial court filed an opinion setting forth the reasons for its decision pursuant to Rule 1925(a). The trial court explained that Fullman's constitutional arguments had been waived; even so, they lacked merit. Section 1338(b) of the Vehicle Code requires that the disability parking placard hang from the rearview mirror of a vehicle, and Fullman admitted that he failed to do so. 75 Pa. C.S. §1338(b).

3

On appeal,[2] Fullman raises four issues for our consideration, which we consolidate and reorder to facilitate our review. Fullman first argues that he was denied equal protection under the law because of his race and disability. Second, Fullman argues that the trial court denied him due process in reviewing his appeal. Finally, he argues that the trial court erred by upholding the citation.

Fullman first argues that he was treated differently because of his race and disability. He alleges that his neighbors "who do not have any handicap parking placards were treated more favorably than he was." Fullman Brief at 7. Further, people of other races who placed their handicap placards on dashboards of their vehicles were not cited. Fullman asserts that by issuing the citation, the Authority discriminated against him "for medical reasons" or "for having a handicap parking placard." Fullman Brief at 6.

A review of the record reveals that Fullman did not raise this issue before the trial court. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." PA. R.A.P. 302(a). The fact that Fullman eventually raised the issue in his Rule 1925(b) statement that he filed in the trial court does not preserve it for our review. As the Pennsylvania Supreme Court has stated:

> [I]n general, a Rule 1925(b) statement cannot resurrect an otherwise untimely claim or objection. Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used

---

[2] Where the trial court does not take any additional evidence, our scope of review over the decision of a local agency is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence. *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010).

> to raise a claim in the first instance. Pennsylvania law is clear that claims and objections that are not timely made are waived.

*Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) (internal citations omitted). Thus, Fullman waived his equal protection claim.

Fullman argues, next, that the trial court denied him due process by refusing to consider the sworn statement and the photograph that he submitted in the motion for reconsideration. We disagree.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, §1. Our Supreme Court has held that due process of law is also guaranteed by reason of Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution. *Lyness v. State Board of Medicine*, 605 A.2d 1204, 1207 (Pa. 1992). The due process standards of the United States and Pennsylvania Constitutions are essentially the same. *Muscarella v. Commonwealth*, 87 A.3d 966, 973 (Pa. Cmwlth. 2014). The basic elements of procedural due process are "adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). Courts examine procedural due process in two steps: "the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient." *Id.*

Here, Fullman contends that the trial court denied him due process by refusing to consider the documents he submitted in the motion for reconsideration. However, a trial court may properly refuse to consider new evidence presented for the first time in a motion for reconsideration. *Bollard & Associates, Inc. v. H & R*

5

*Industries, Inc.*, 161 A.3d 254, 255 (Pa. Super. 2017); *see also Drake Manufacturing Company, Inc. v. Polyflow, Inc.*, 109 A.3d 250, 263 (Pa. Super. 2015) ("The purpose of post-trial motions is for the court to correct its own errors, not for parties to remedy their own mistakes."). Fullman does not otherwise identify, with any particularity, how the procedures afforded to him before the trial court were insufficient, or which of his constitutional rights was violated. We reject Fullman's argument that the trial court violated his right to due process.

Finally, Fullman argues that the trial court erred because his physical disabilities entitle him to "a legitimate and legal right to obtain a handicap parking placard." Fullman Brief at 6. Because Fullman "legally possess[ed] a handicap placard," he was allowed an additional hour of parking. *Id.* at 7-8. Fullman asserts that the citation was thus incorrectly issued. We reject this argument.

Philadelphia's Traffic Code permits handicapped drivers to park 60 minutes over the maximum time limit. Section 903(3) states:

> The Department shall erect and maintain appropriate signs to give notice whenever an ordinance or regulation prohibits parking or limits the time of parking on any street, or portion thereof, and *no person shall park a vehicle in violation of such ordinances or regulations.*

TRAFFIC CODE §12-903(3) (emphasis added). Section 1117(2)(a) further provides:

> When a motor vehicle bearing a handicapped plate, a handicapped parking placard, a severely-disabled veteran's plate, or a severely-disabled veteran placard is being operated by or for the transportation of a physically handicapped person or a severely-disabled veteran, *the driver shall be entitled to park for a period of sixty (60) minutes in excess of the maximum time limit and without payment of any parking meter fees* during that sixty (60) minute period on streets where parking is limited but not

6

> prohibited by ordinance or by the Vehicle Code. Such motor vehicles shall comply with all parking prohibitions.

TRAFFIC CODE §12-1117(2)(a) (emphasis added). It is undisputed that Fullman was entitled to the one-hour extension under Section 1117(2)(a) of the Traffic Code. However, Section 1338(b) of the Vehicle Code provides, in pertinent part, as follows:

> When parking the designated vehicle, the person with *disability parking placard shall be prominently displayed in such a manner that it may be viewed from the front and rear of the vehicle by hanging it from the front windshield rearview mirror* of a vehicle only when that vehicle is utilizing a parking space reserved for persons with disabilities. *When there is no rearview mirror, or the placard is not designed in such a manner to accommodate hanging from a rearview mirror, the placard shall be displayed on the dashboard.*

75 Pa. C.S. §1338(b) (emphasis added).

Fullman's vehicle had a rearview mirror, but he asserted the obstructions on the mirror prevented the hanging of the placard. Before the trial court, Fullman stated that he was unable to hang his placard because it was "old" and "worn." C.R., Item 8, at 2.[3] A worn placard is not the same as a placard "not designed in such a manner to accommodate hanging from a rearview mirror." 75 Pa. C.S. §1338(b). To exceed the parking time limit, Fullman was required to hang the placard "from the front windshield rearview mirror" of the vehicle. 75 Pa. C.S. §1338(b). He did not do so.

---

[3] The photograph that Fullman submitted with his motion for reconsideration showed a placard hanging from the rearview mirror of his vehicle. This belies Fullman's claim that he was unable to hang the placard on the mirror.

For the foregoing reasons, we affirm the trial court's June 6, 2018, order denying Fullman's appeal.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Fullman,                :
       Appellant        :
                           :
     v.                :  No. 975 C.D. 2018
                           :
Bureau of Administrative Adjudication  :

# **O R D E R**

AND NOW, this 30th day of April 2019, the order of the Court of Common Pleas of Philadelphia County dated June 6, 2018, in the above-captioned matter is AFFIRMED.

                             _____
                             MARY HANNAH LEAVITT, President Judge