J-A21026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANK E. TOROK, JR. AND JOANN M. TOROK | : | No. 158 EDA 2024 |
| | : | |
| APPEAL OF: FRANK E. TOROK, JR. | : | |

Appeal from the Order Entered December 14, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2020-C-0729

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 15, 2025**

Appellant Frank E. Torok, Jr., appeals *pro se* from the order granting summary judgment in favor of Appellee U.S. Bank Trust National Association in the underlying residential mortgage foreclosure action.[1]  Appellant argues that Appellee lacked standing to foreclose and also asserts that the trial court erred when it denied Appellant's motion for reconsideration.  After review, we affirm based on the trial court's opinion, which incorporated by reference the December 14, 2023 order.

_____

[1] In October of 2024, Appellant filed Chapter 13 bankruptcy, and this appeal was stayed pursuant to the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362.  *See* Order, 11/27/24.  On June 2, 2025, the bankruptcy stay was lifted allowing this appeal to proceed.  *See* Order, 6/2/25.

The trial court summarized the relevant facts and procedural history of this matter as follows:

On August 4, 2005, [Appellant] obtained a loan in the principal amount of $311,950.00 as evidenced by a note he signed ("Note") payable to lender, Quicken Loans, Inc. ("Quicken"), secured by a Mortgage signed by [Appellant] and Joann M. Torok (individually and collectively "Toroks") recorded in the Lehigh County Recorder of Deeds Office on August 15, 2005 (Doc ID 7283981)("Mortgage") on real property located at 5201 Stansfield Drive, Zionsville, Lehigh County, PA 18092 ("Premises").  The Note and Mortgage were modified by a Home Affordable Modification Agreement effective January 1, 2016, which included changes to the principal balance owed, the interest rate, and maturity date, among others.  The Mortgage, as modified, was ultimately assigned to [Appellee] by assignment recorded in the Lehigh County Recorder of Deeds Office on February 3, 2022[,] identified as Doc ID 2022004591. [Appellee's] predecessor in interest, Nationstar Mortgage, initiated this action due to [Appellant's] defaults under the Note and Mortgage.  By Praecipe to Substitute Party Plaintiff as evidenced by the Assignment of Mortgage recorded February 3, 2022, [Appellee] was substituted as the named plaintiff in this case.  On May 16, 2023, [Appellee] filed for summary judgment which the court originally granted by Order dated June 21, 2023.  Following [Appellant's] Petition to Open or Strike the default judgment, the court subsequently vacated that Order.  *See* Order dated October 16, 2023.  Thereafter, [Appellant] filed a response to [Appellee's] summary judgment motion contending that [Appellee] lacks standing to initiate this mortgage foreclosure action (i.e. [Appellee] was not the real party in interest).

Order, 12/14/23, at 1, n.1 (formatting altered).  On December 14, 2023, the trial court granted Appellee's motion for summary judgment.

Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Whether the trial court erred in improperly granting motion for summary judgment for [Appellee]?

2. Whether the trial court should have granted [Appellant's] motion to reconsider?

Appellant's Brief at 3.[2]

Our standard of review of an order granting or denying summary judgment is as follows:

> We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings[] but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.
>
> The holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

---

[2] In the statement of questions presented, Appellant also contends that the trial court erred when it did not grant summary judgment in favor of Appellant. *See* Appellant's Brief at 3. However, the record does not reflect that Appellant filed a motion for summary judgment or that the trial court denied it. Indeed, Appellee points out this deficiency in its brief. *See* Appellee's Brief at 13. Moreover, Appellant fails to develop any argument on this issue, which Appellee also notes. *See id.* We conclude this issue is waived due to Appellant's failure to develop an argument. *See Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (stating that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court] to formulate [a]ppellant's arguments for him.").

*Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (some citations omitted and formatting altered).

"In mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing on the mortgage must be considered an admission of those facts." *Id.* at 467 (some formatting altered). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261 (Pa. Super. 2013). "The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage,[3] or (2) is the holder of the note specially indorsed to it or indorsed in blank." *Gerber v. Piergrossi*, 142 A.3d 854, 859-60 (Pa. Super. 2016).

Appellant first argues that Appellee lacked standing in this matter. *See* Appellant's Brief at 12-20. The trial court addressed Appellant's first issue and concluded that Appellant is not entitled to relief. *See* Trial Ct. Op. at 1-2 (incorporating the Order filed 12/14/23). Following our review of the record, the parties' arguments, and the trial court's conclusions, we discern no abuse of discretion or error of law, and we affirm on the basis of the trial court's

---

[3] Further, the foreclosing party can establish standing by providing copies of the original recorded mortgage and its recorded assignment. *See CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 69 (Pa. Super. 2016).

opinion, incorporating by reference the trial court's December 14, 2023 order.[4] *See id.*

In his second issue, Appellant purports to challenge the trial court's refusal to grant reconsideration. *See* Appellant's Brief at 20-21. We note that "[a]n order denying reconsideration is unreviewable on appeal." ***Bollard & Associates, Inc. v. H & R Industries, Inc.***, 161 A.3d 254, 256 (Pa. Super. 2017) (citing ***Huntington Nat. Bank v. K−Cor, Inc.***, 107 A.3d 783, 787 (Pa. Super. 2014) (stating that "Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal"). Accordingly, Appellant is not entitled to relief on this claim.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025

---

[4] The parties are directed to attach a copy of the trial court's opinion and the December 14, 2023 order in the event of further proceedings.

P-JB

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

|  |  |
|---|---|
| **US Bank Trust National Association**<br>**- VS -**<br>**Frank E Torok, Jr., Joann M Torok** | **Superior Court Docket No. 158 EA 2024**<br><br>**Civil Division Docket No.  2020-C-0729** |

## Pa.R.A.P. 1925(a) STATEMENT

On January 8, 2024, Defendant/Appellant, Frank E. Torok, Jr., ("Torok") timely appealed this court's Order of December 14, 2023 granting summary judgment in favor of Plaintiff/Appellee, U.S. Bank Trust National Association ("U.S. Bank"), in a residential mortgage foreclosure action concerning real property at 5201 Stansfield Dr., Zionsville (Upper Milford Township), Lehigh County, Pennsylvania. ("Subject Property"). Torok and his spouse, Defendant Joann M. Torok, jointly own and presently reside in the Subject Property, however, neither Defendant is represented by counsel, and only Defendant/Appellant Torok has filed the instant appeal.

As to Torok's alleged errors concerning the grant of summary judgment, Torok takes issue with the lower court's decision being explained in a footnote, and the denial of reconsideration without an opinion. Those grounds do not afford Torok any relief from the judgment entered. The court's rationale, although somewhat brief, is clearly and concisely stated in the footnoted Order of December 14, 2023, complete with factual findings and legal conclusions therein. Torok filed a timely statement of alleged errors, but has suffered no prejudice by the format used by the court in the Order appealed from.

Next, as the Superior Court explained in addressing motions for reconsideration: "the filing of [a motion for reconsideration] does not toll the time period for the filing of an appeal. Rather,

1

[in] preserving the trial court's discretion in this regard merely protects the trial court's prerogative to review its own decision within thirty days after its issuance." *Vietri ex rel. Vietri v. Delaware Valley High School*, 63 A.3d 1281, 1286 n. 3 (Pa. Super. Ct. 2013). Moreover, the comment to Pa.R.A.P. 1701(b)(3) provides: "[i]f the [motion for reconsideration] lacks merit the trial court ... may deny [it] by the entry of an order to that effect or by inaction." Pa.R.A.P. 1701(b)(3) cmt. Torok's argument related to reconsideration is without merit.

Torok's remaining issues complained of upon appeal concern the court's alleged erroneous determination that U.S. Bank was a real party in interest entitled to assert its rights under the mortgage. Torok, however, did not dispute their default under the Mortgage or the amount due and owing, and otherwise failed to come forward with evidence to create a genuine issue of material fact. The court stands by the decision that U.S. Bank is a proper party entitled to proceed with foreclosure on the Subject Property and entitled to summary judgment for the reasons set forth in its December 14, 2023 Order, a copy of which is attached to facilitate appellate review. The Clerk of Judicial Records is directed to transmit forthwith the record to the Superior Court for the adjudication of the appeal in this matter.

**BY THE COURT:**

_2/2/2024_
Date

Thomas A. Capehart, J.

2

FILED 2/2/2024 9:23 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
FILED 12/14/2023 4:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-0729     /s/JW
2020-C-0729     /s/MN

P-KF

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| **US Bank Trust National Association** | : |
| - VS - | : **File No. 2020-C-0729** |
| **Frank E Torok, Jr., Joann M Torok** | : |
| | : **Assigned Judge: Thomas A. Capehart** |

## ORDER

AND NOW, this 14th day of December, 2023, upon consideration of Plaintiff U.S. Bank Trust

National Association's Motion for Summary Judgment filed on May 16, 2023, and the reply

in opposition thereto filed on November 15, 2023 in accordance with this Court's Order of October

16, 2023,

**IT IS ORDERED** that said Motion is GRANTED.[1]

---

[1]     On August 4, 2005, Defendant, Frank E. Torok Jr., obtained a loan in the principal amount of $311,950.00 as evidenced by a note he signed ("Note") payable to lender, Quicken Loans, Inc. ("Quicken"), secured by a Mortgage signed by Frank E. Torok Jr. and Joann M. Torok (individually and collectively "Toroks") recorded in the Lehigh County Recorder of Deeds Office on August 15, 2005 (Doc ID 7283981)("Mortgage") on real property located at 5201 Stansfield Drive, Zionsville, Lehigh County, PA 18092 ("Premises"). The Note and Mortgage were modified by a Home Affordable Modification Agreement effective January 1, 2016, which included changes to the principal balance owed, the interest rate, and maturity date, among others. The Mortgage, as modified, was ultimately assigned to US Bank Trust National Association ("US Bank Trust" or "Plaintiff") by assignment recorded in the Lehigh County Recorder of Deeds Office on February 3, 2022 identified as Doc ID 2022004591. US Bank Trust's predecessor in interest, Nationstar Mortgage, initiated this action due to Defendants' defaults under the Note and Mortgage. By Praecipe to Substitute Party Plaintiff as evidenced by the Assignment of Mortgage recorded February 3, 2022, US Bank Trust was substituted as the named plaintiff in this case. On May 16, 2023, US Bank Trust filed for summary judgment which the court originally granted by Order dated June 21, 2023. Following the Toroks' Petition to Open or Strike the default judgment, the court subsequently vacated that Order. *See,* Order dated October 16, 2023. Thereafter, the Toroks filed a response to US Bank Trust's summary judgment motion contending that US Bank Trust lacks standing to initiate this mortgage foreclosure action (i.e. US Bank Trust was not the real party in interest). Notably, the Toroks do not dispute that the mortgage is in default, merely that Plaintiff has failed to establish it has standing to proceed on its claim. Accordingly, it is well settled that a mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. *Gerber v. Piergrossi*, 142 A.3d 854 (Pa. Super. Ct. 2016). Turning to whether there exists a genuine issue of material fact regarding Plaintiff's right to proceed in foreclosure, a party may proceed if it was assigned the mortgage or is the holder of the note. *Gerber v. Piergrossi*, 142 A.3d 854, 859-861 (Pa. Super. Ct. 2016); *See, Citimortgage, Inc. v. Barbezat*, 131 A.3d 65, 69 (Pa. Super. Ct. 2020)(holder of note was entitled to make demand upon and to enforce obligations under the note, regardless of formal assignment). In this case, US Bank Trust produced a copy of the original note that is in its possession, as well as a valid assignment of the mortgage. *Plaintiff's Exhibits "C" and "D"*. The mortgage assignment included language to transfer all beneficial interest under the mortgage, "together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon," to Plaintiff. *Plaintiff's Exhibit "C"*. The mortgage assignment was recorded in Lehigh County

**IT IS FURTHER ORDERED** that an *in rem* Judgment in mortgage foreclosure is entered in favor of Plaintiff, U.S. Bank Trust National Association, and against Defendants, Frank E Torok, Jr., and Joann M. Torok, in the amount of $387,754.35, together with interest from April 1, 2023 through the date of sheriff sale at the applicable note rate, along with attorneys fees and costs of foreclosure and sale of the Premises located at 5201 Stansfield Drive Zionsville, PA 18092.

BY THE COURT:

Thomas A. Capehart, J.

---

on February 3, 2022, and prior to Plaintiff's filing of a praecipe to be the named party of record on December 21, 2022. *Plaintiff's Exhibit "D"*. While the Toroks challenge US Bank Trust's standing to assert rights under the mortgage, the uncontroverted evidence establishes US Bank Trust properly holds the mortgage by way of an assignment and is the real party in interest in this action. The mortgage was assigned by MERS, as nominee of Quicken Loans, to CitiMortgage, to Fannie Mae, to Nations Star Mortgage d/b/a Mr. Cooper, and lastly to US Bank Trust. Further, Plaintiff, as holder of the original note, is the real party in interest in the mortgage foreclosure action. *Barbezat*, 131 A.3d at 69. Given the lack of any evidence presented by Defendants to contest the authenticity of the original note executed by Mr. Torak in 2005, this Court finds that US Bank Trust, as holder of the note, a negotiable instrument, is entitled to make demand upon and enforce the Note and the related mortgage, particularly as "the chain of possession by which a party comes to hold the note is immaterial to its enforceability." [internal brackets omitted]. *See*, *J.P. Mogan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013). Accordingly, there is no factual dispute that US Bank Trust has standing as a real party in interest to bring this foreclosure action. is the real party. Thus, US Bank Trust is entitled to summary judgment as a matter of law.

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2020-C-0729                     Real Property Mortgage Foreclosure Residential

US Bank Trust National Association
 - VS -
Frank E Torok, Jr., Joann M Torok

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on
12/15/2023.

## 236 NOTICE

Pursuant to Pa.R.C.P. § 236, notice is hereby given that an order, decree, or judgment in

the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE: All parties and counsel must maintain correct and current contact information,
INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as
well as through E-File & Serve.**

| | | |
|---|---|---|
| Caitlin M Donnelly, Esq | ✓ cdonnelly@kmllawgroup.com | KML Law Group P C<br>Suite 5000<br>701 Market St<br>Philadelphia PA 19106 |
| OCCUPANTS | | ✓ 5201 STANSFIELD DRIVE<br>ZIONSVILLE PA 18092 |
| Leslie J Rase, Esq | | ✓ Logs Legal Group LLP<br>Ste 514<br>985 Old Eagle School Rd<br>Wayne PA 19087 |
| Frank E Torok, Jr. | ✓ ftorok@mc.com | 5201 Stansfield Drive<br>Zionsville PA 18092 |
| Joann M Torok | | ✓ 5201 Stansfield Dr<br>Zionsville PA 18092 |

1

CV15a

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2020-C-0729                    Real Property Mortgage Foreclosure Residential

US Bank Trust National Association
   - VS -
Frank E Torok, Jr., Joann M Torok

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on 2/2/2024.

## 236 NOTICE

Pursuant to Pa.R.C.P. § 236, notice is hereby given that an order, decree, or judgment in

the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE: All parties and counsel must maintain correct and current contact information, INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as well as through E-File & Serve.**

| | | |
|---|---|---|
| Caitlin M Donnelly, Esq | ✓ cdonnelly@kmllawgroup.com | KML Law Group P C Suite 5000 701 Market St Philadelphia PA 19106 |
| OCCUPANTS | | ✓ 5201 STANSFIELD DRIVE ZIONSVILLE PA 18092 |
| Leslie J Rase, Esq | | Logs Legal Group LLP ✓ Ste 514 985 Old Eagle School Rd Wayne PA 19087 |
| Frank E Torok, Jr. | ✓ ftorok@me.com | 5201 Stansfield Drive Zionsville PA 18092 |
| Joann M Torok | | ✓ 5201 Stansfield Dr Zionsville PA 18092 |

1

CV15a